IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUISE BARBER,

      Plaintiff,

v.

PROFESSIONAL COLLECTION CONSULTANTS,

      Defendant.

## COMPLAINT FOR DAMAGES FOR ABUSIVE DEBT COLLECTION

1. Defendant is a debt collector who engaged in abusive debt collection activity against Ms. Barber. Defendant continued to contact Ms. Barber after it knew that she was represented by an attorney.

2. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act.

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

### Parties

4. Plaintiff Louise Barber resides in the vicinity of Waterflow, New Mexico. She is a "consumer" as defined by 15 U.S.C. §1692a(3). At all times relevant to this complaint, she resided in New Mexico.

5. Defendant Professional Collection Consultants ("PCC") is a foreign corporation whose principal business is the collection of consumer debts. It regularly collects or attempts to

collect debts owed or due or asserted to be owed or due another. It has been engaged by multiple creditors to do so. PCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Facts**

6. In 2003 Ms. Barber briefly arranged cell phone service with Cingular Wireless.

7. However, the cell phone did not work at her rural residence, and she returned the equipment and cancelled her service immediately.

8. Cingular accepted the cancellation of service, since it was done within the 14 days allowed by contract.

9. In early 2008 Ms. Barber began to receive collection letters from PCC, seeking payment of $2,717 from this cancelled account, plus another $1,100 accrued interest.

10. Ms. Barber wrote to PCC May 3, 2008, explaining her cancellation of service. She disputed the debt as the product of someone else's theft of her identity and that person's fraudulent activity.

11. On May 15, 2008 PCC wrote to Ms. Barber that "Y O U R   D I S P U T E   I S   N O T   V A L I D." PCC claimed it had investigated her dispute and that "the original creditor does not consider your dispute valid."

12. Upon information and belief, this statement was a misrepresentation and PCC did not actually contact the original creditor or perform any other form of investigation.

13. Furthermore, PCC knew or should have known that debts for wireless telephone service must be pursued within two years.

14. In mid-July, 2008 Ms. Barber's attorney, Jennifer Baker, wrote to PCC and requested that it cease communications with her. Ms. Baker also disputed the validity of the debt.

15. On February 16, 2009 PCC again wrote to Ms. Barber, attempting to collect the disputed

debt, despite knowing that Ms. Barber was represented by an attorney, and knowing that Ms. Barber's attorney had requested it cease all communication.

16. According to its letter, PCC also reported the debt to one or more national credit reporting agencies. Upon information and belief, PCC failed to report that Ms. Barber disputes the debt.

17. PCC's actions constitute the transaction of business within New Mexico.

18. As a result of the actions of PCC, Ms. Barber suffered actual damages, including harm to her credit reputation, lost time, embarrassment, inconvenience, stress, aggravation, and humiliation.

### First Claim for Relief: Violations of the FDCPA

19. The foregoing actions of Defendant violate the FDCPA, including 15 U.S.C. §§ 1692c and 1692e.

20. Plaintiff is entitled to recover statutory damages and actual damages, plus costs and reasonable attorney fees.

### Second Claim for Relief: Violations of the Unfair Practices Act

21. Defendant PCC is subject to the Unfair Practices Act for its business conduct in New Mexico.

22. The foregoing actions of Defendant PCC constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

23. Defendant willfully engaged in these unlawful trade practices.

24. Plaintiff is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney fees.

25. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continued credit reporting without disclosure the account is disputed.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award statutory and actual damages for Defendant's violations of the Fair Debt Collection Practices Act;

B. Award statutory and actual damages for Defendant's violations of the Unfair Practices Act, and enjoin credit reporting of the debt without reporting the account is disputed;

C. Award reasonable attorney's fees and costs; and

D. Grant such other relief as it deems just and proper.

Respectfully submitted,

_____
Richard N. Feferman
FEFERMAN & WARREN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

Jennifer S. Baker
DNA-People's Legal Services, Inc.
709 North Butler Avenue
Farmington, NM 87401
(505) 325-8886